**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

JOSEPH PAUL FLOOD, #1302026,

                    Petitioner,

v.                                      ACTION NO.   2:12cv652

HAROLD W. CLARKE,
Director,

                    Respondent.

**UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

    This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia.

## I.   STATEMENT OF THE CASE

    Petitioner Joseph Paul Flood is in state custody pursuant to a final judgment entered on October 9, 2009, following a jury trial in the Circuit Court for the City of Newport News, for murder and use of a firearm in the commission of a felony. *Commonwealth v. Flood*, Nos. CR08001816, CR08001818 (Va. Cir. Ct. Oct. 9, 2009).[1]   Flood was sentenced to life plus three years in the Virginia penal system, with five years suspended. Resp't Ex. A, ECF No. 10-1. Flood's direct appeal to the Court of Appeals of Virginia was denied initially on April 24, 2010,

---

[1] The trial transcript reflects that a possession of a firearm by a convicted felon charge, presumably resulting in indictment number 01817-08, was severed from the other two indictments, and continued to a later date. Trial Tr. 3. However, the number reflecting that indictment, CR08001817, is still reflected in the style of the case given on the cover page of the transcript, as well as in the Respondent's brief. *See* Resp't Mem. 1.

and by a three judge panel on July 8, 2010. *Flood v. Commonwealth of Va.*, Record No. 2354-09-1 (Va. Ct. App. April 24, 2010 and July 8, 2010); Resp't Ex. B, ECF No. 10-2. The Supreme Court of Virginia refused Flood's petition for appeal on December 14, 2010. *Flood v. Commonwealth of Va.*, Record No. 101526 (Va. Dec. 14, 2010); Resp't Ex. C, ECF No. 10-3.

Flood filed a timely petition for writ of habeas corpus with the Circuit Court for the City of Newport News alleging several claims of prosecutorial misconduct and ineffective assistance of trial and appellate counsel, which was dismissed on December 5, 2011. *Flood v. Dir. of the Dept. of Corrections*, No. CR11H01493-00 (Va. Cir. Ct. Dec. 5, 2011); Resp't Ex. D, ECF No. 10-4. Flood's petition for appeal to the Supreme Court of Virginia was denied on July 11, 2012. *Flood v. Dir. of the Dept. of Corrections*, No. 120346 (Va. July 11, 2012); Resp't Ex. E, ECF No. 10-5.

On December 3, 2012, Flood filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. ECF No. 1. Flood asserts that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

> (A)(1) he was denied effective assistance of counsel due to counsel's failure to call two witnesses, his girlfriend (unnamed) and the deceased's girlfriend (Constance Ebron), and failure to advise him of his speedy trial rights;
>
> (A)(2) he was denied effective assistance of counsel due to counsel's failure to call Constance Ebron (state claim (a));
>
> (A)(3) he was denied effective assistance of counsel due to counsel's failure to call Coco Barnes as an alibi witness (state claim (c)(1));
>
> (A)(4) he was denied effective assistance of counsel due to counsel's failure to call his girlfriend as an alibi witness, as well as others who were in the house (state claim (c (2));
>
> (B) he was denied effective assistance of counsel due to counsel's failure to subpoena his 911 call to the police (state claim (c)(3));
>
> (C) he was denied a fair trial in violation of the Sixth and Fourteenth

2

Amendments due to the prosecutor's failure to bring his trial within statutory speedy trial time (state claim (b)(3));

(D) he was denied effective assistance of counsel due to counsel's failure to protect his speedy trial rights (state claim (d)(2));

(E) his due process rights were violated when the prosecutor introduced evidence that he was incarcerated from December 26, 2007 through January 28, 2008 (state claim (b)(2));

(F)(i) his due process rights were violated when the prosecutor introduced into evidence the videotape of his statement to a police detective (state claim (d)(3)),

(F)(ii) he was denied effective assistance of counsel due to counsel's failure to object to the introduction into evidence of the videotape of his statement to a police detective (state claim (d)(4)); and,

(G) he was denied effective assistance of counsel due to counsel's failure to raise several issues on appeal (state claim (e)).

Pet'r's Mem.; ECF No. 2.   On June 14, 2013, Respondent filed a Rule 5 Answer and Motion to Dismiss. ECF Nos. 8 and 9.

Petitioner has requested an evidentiary hearing. Pet'r's Mem. 29, ECF No. 1 at 43.   The Court DENIES the request, as purely legal issues are presented and the Court may adequately resolve the issues as presented in the briefs.   *See* Rule 8 of the Rules Governing Section 2254 Cases.   Accordingly, this matter is ripe for review.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A.   Exhaustion

In order for the Court to address the merits of this habeas petition, all of Petitioner's grounds must be exhausted.   *See* 28 U.S.C. § 2254(b) (2010).   The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . .

[are] the same as those advanced at least once to the highest state court." *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993).   Exhaustion may be achieved either through direct appeal or in post-conviction proceedings.   *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997).   All of the grounds presented in this petition have been exhausted either because Flood raised them on direct appeal to the Supreme Court of Virginia or in his state habeas petition appealed to the Supreme Court of Virginia.

**B.      Procedural Default**

This Court can only address the merits of Flood's claims if they were not procedurally defaulted in state court. *See Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998).   A claim is procedurally defaulted when a state court refuses review of the claim under an adequate and independent state procedural rule. *Id.*; *see also Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

Flood's Grounds (C), (E), and (F)(i) are procedurally defaulted and may not be reviewed by this Court.   Under Virginia law, where a petitioner fails to object during trial, or raise an issue on direct appeal, they may not raise the issue in state habeas. *Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974).   Flood raised Grounds (C), (E), and (F)(i) in his state habeas petition, and the Circuit Court for the City of Newport News denied the claims based on *Slayton v. Parrigan*. Resp't Ex. D at 4.   The Supreme Court of Virginia denied the appeal of that decision. Resp't Ex. E.   The Fourth Circuit has held that the requirements established in *Slayton v. Parrigan* constitute an independent and adequate state procedural rule. *Fisher*, 163 F.3d at 844.

Flood argues his counsel was ineffective for failing to raise these claims on direct appeal. Pet'r's Mem. 27-29.   However, for an ineffective assistance of counsel claim to excuse Flood's

4

procedural default, the claim must be meritorious. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).   The state court denied Flood's claim that counsel was ineffective for failing to raise these issues on appeal, finding Flood did not prove either prong of *Strickland v. Washington*, 466 U.S. 688 (1984). Resp't Ex. D at 13.   This finding is entitled to deference, as will be discussed in section II.D., and the ineffective assistance claim cannot excuse Flood's procedural default. Consequently, Flood's Grounds (C), (E), and (F)(i) are procedurally defaulted and cannot be considered by this Court.

## C.      Standard of Review - State Court Adjudicated Ineffective Assistance of Counsel Claims on the Merits

Flood's remaining claims are properly exhausted and may be reviewed by this Court through the lens of deference to the Supreme Court of Virginia's decision.   Under 28 U.S.C. § 2254, this Court may not grant relief on any claim that was adjudicated on its merits in State court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2012).

A state court decision is "contrary to" clearly established federal law when a state court arrives at a conclusion opposite that of the Supreme Court on a question of law, or when a state court decides a case differently than the Supreme Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision constitutes an "unreasonable application" of federal law when the court identifies the correct governing legal

principle from the decisions of the Supreme Court, but unreasonably applies that principle to the facts of the case. *Id.* at 413.   A state court need not cite to, or even be aware of, relevant Supreme Court precedent "so long as neither the reasoning nor the result" contradicts or unreasonably applies the law. *Early v. Packer*, 537 U.S. 3, 8 (2002).   As this is a deferential standard of review, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 386-89.

On habeas review, the Circuit Court of the City of Newport News denied and dismissed the claims raised in the current federal petition. Resp't Ex. D at 14.   Flood's petition for appeal of the decision to the Supreme Court of Virginia was refused on July 11, 2012. Resp't Ex. E.   The Fourth Circuit has held that a denial of appeal by the Supreme Court of Virginia is "no less an 'adjudication' of the merits of the claim and must be reviewed under the deferential provisions of § 2254(d)(1)." *Bell v. Jarvis*, 236 F.3d 149, 158 (4th Cir. 2000).   Accordingly, this Court must apply the same deferential standard of § 2254 to a review of the decision of the Supreme Court of Virginia refusing Flood's habeas appeal.   Moreover, the Supreme Court of Virginia is presumed to have denied the petition for the same reason given by the Circuit Court for the City of Newport News. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (holding "where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.").   Therefore, this Court applies the deferential standard of review to the decision of the Circuit Court for the City of Newport News, the last reasoned decision of the state court rejecting the claim. *Id.*

Flood has alleged eight claims of ineffective assistance of counsel, which must be analyzed

using the standard established by *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a review of counsel's performance, to determine 1) whether it fell below an objective standard of reasonableness and 2) whether Flood suffered actual prejudice as a result. *Strickland*, 466 U.S. at 687-96. The "performance prong" of review under *Strickland* requires Flood to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Flood must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The "prejudice prong" requires Flood to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In order to meet the burden of establishing a reasonable probability of a different result, "[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 693. Flood must show "probability sufficient to undermine confidence in the outcome." *Id.* at 694. If a claim may be disposed of under one prong, analysis under the remaining prong is not required. *Id.* ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."). Because these claims are presented in a petition for federal habeas review under § 2254, Flood must show that the state court's dismissal of his ineffective assistance of counsel claims was contrary to, or an unreasonable application of, the *Strickland* standard. 28 U.S.C. § 2254.

D.    **Analysis of Ineffective Assistance of Counsel Claims**

In Flood's Ground (A)(1), he alleges counsel was ineffective for failing to call two witnesses, and failing to advise Flood of his speedy trial rights. Pet'r's Mem. 4-5. These claims

are raised separately in Grounds (A)(2), (A)(4) and (D) of the petition. Pet'r's Mem. 5-21.   The

undersigned will address each claim separately, and recommends that Flood's Ground (A)(1) be

DENIED for the reasons explained in the separate Grounds discussed below.

**1.      Grounds (A)(2), (A)(3), and (A)(4) – Flood Has Failed to Prove Counsel was Ineffective for Failing to Call Witnesses**

In Ground (A)(2), Flood alleges he was denied effective assistance of counsel due to

counsel's failure to have Constance Ebron, the deceased's girlfriend, to testify. Pet'r's Mem. 5-9.

Petitioner asserts that Constance Ebron could have established that she was having problems with

the deceased, and had come to Flood's room on several occasions to report the deceased's

behavior. Pet'r's Mem. 7.   Constance Ebron could also have testified about the court date for the

unlawful detainer Flood had filed against her. *Id.*

In Ground (A)(3), Flood alleges that his trial counsel was ineffective in that he failed to call

Coco Barnes, who could have offered Flood an alibi, as well as testify that Flood was acting as a

landlord of the premises where the shooting occurred. Pet'r's Mem. 9-12.

In Ground (A)(4), Flood alleges he was denied effective assistance of counsel due to

counsel's failure to call his girlfriend, and others in the house, as alibi witnesses. Pet'r's Mem.

12-13.   Flood asserts that several people were in the house on the day of the shooting. *Id.* at 13.

Flood further argues that because he testified at trial that he was in his room watching television

when he heard a commotion upstairs, his defense counsel deprived him of a fair trial by only

calling one witness as an alibi to support Flood's testimony. *Id.*[2]

The state court found that Flood's claims failed to meet both the performance and the

---

[2] Flood went on to testify that after he heard the commotion, he grabbed a gun, went out into the hall, and, believing the victim was armed, shot him several times. Transcript of Jury Trial, *Commonwealth v. Flood*, Nos. CR08001816, CR08001818, Vol. II, 17-18 (Va. Cir. Ct. Aug. 24, 2009).   Presumably, Flood is arguing that his "alibi" witnesses would corroborate this testimony.

prejudice prongs under *Strickland*. *Flood v. Clarke, Dir., Va. Dept. of Corrections*, No.CR11H01493-00, slip op. at 5-8 (Va. Cir. Ct. Dec. 5, 2011).    In dismissing Flood's claims, the court noted that at the beginning of the trial, Flood stated there were no witnesses necessary for his defense that were not present in court. *Id.* at 5, 6, and 8.   The court further noted that Flood did not proffer any affidavits of what the testimony of each of these witnesses would have been. *Id.* at 6-8.

The undersigned finds the state court did not contravene or unreasonably apply the *Strickland* standard or unreasonably interpret the facts in evaluating Flood's claims that he was denied effective assistance of counsel due to counsel's failure to call these witnesses to testify. The following colloquy took place prior to Flood's jury trial:

Court:  And are you aware of any witnesses on your behalf?

Defendant:     Yes.

Court:  And are those witnesses present?

Defendant:     Yes.

Court:  So you do not have any witness that's necessary for your defense that is not present?

Defendant:     No.

Court:  And you're fully prepared to go forward today?

Defendant:     Yes.

Transcript of Jury Trial, *Commonwealth v. Flood*, Nos. CR08001816, CR08001818, Vol. I at 9 (Va. Cir. Ct. Aug. 24, 2009) ("Trial Tr.").   If Flood did not believe these witnesses were necessary to his defense on the day of his trial, he cannot now claim that his counsel was ineffective for failing to call them to testify.   In addition, Flood has failed to show a reasonable probability that

the outcome of the trial would have been different had any of these witnesses testified.   He has provided no affidavits outlining what their testimony would have been, and the scant proffer Flood made in the petition does not convince the undersigned that there is any likelihood of a different outcome had these witnesses testified during Flood's jury trial.   Therefore, Flood has failed to satisfy the performance or prejudice prong of *Strickland* on these claims, and the undersigned recommends that Grounds (A)(2), (A)(3), and (A)(4) be DENIED. *Strickland*, 466 U.S. at 694.

2. **Ground (B) – Flood Has Failed to Prove Counsel was Ineffective for Failing to Subpoena Flood's 911 Call**

In Ground (B), Flood alleges that his trial counsel was ineffective in that he failed to subpoena the 911 call Flood made on the night of the shooting. Pet'r's Mem. 13-15.   The state court found that Flood failed to prove either the performance or the prejudice prongs under *Strickland*. *Flood v. Clarke, Dir., Va. Dept. of Corrections,* No. CR11H01493-00, slip op. at 8-9 (Va. Dec. 5, 2012).   The court held Flood failed to show why his statement made in a 911 call to police would be admissible, and failed to show how he was prejudiced by counsel's failure to introduce the 911 tape, "given his incriminating statements to police that he shot the victim, that he knew what he did was wrong, and that he had previously threatened to kill the victim." *Id.* at 9.

The undersigned finds the state court did not contravene or unreasonably apply the *Strickland* standard or unreasonably interpret the facts.   At trial, Flood testified that he called the police, who arrived at the scene 10 to 15 minutes later. Trial Tr., Vol. II, 18.   He argues in his petition that the 911 call "would have supported the petitioner's testimony at trial to the jury of the petitioner's state of mind." Pet'r's Mem. 15.   Flood fails to proffer what statement he made to the police in his 911 call, or how introducing this evidence would have changed the outcome of the trial.   Therefore, Flood has failed to satisfy either the performance or prejudice prong of

*Strickland* on this claim, and the undersigned recommends that Ground (B) be DENIED. *Strickland*, 466 U.S. at 694.

> 3. **Ground (D) – Flood Has Failed to Prove Counsel was Ineffective for Failing to Protect Flood's Speedy Trial Rights**

In Ground (D), Flood alleges he was denied effective assistance of counsel due to counsel's failure to protect his speedy trial rights established by the Virginia Code, the Virginia Constitution, and the United States Constitution. Pet'r's Mem. 18-21.   The state court found that Flood failed to meet both the performance and the prejudice prongs under *Strickland*, noting that because counsel had no basis to argue a speedy trial violation, his failure to do so was not constitutionally unreasonable. *Flood v. Clarke, Dir., Va. Dept. of Corrections*, No.CR11H01493-00, slip op. at 11 (Va. Cir. Ct. Dec. 5, 2011).

The undersigned finds that the court did not contravene or unreasonably apply the *Strickland* standard or unreasonably interpret the facts in evaluating Flood's claim of ineffective assistance of counsel based on speedy trial issues. The portion of Flood's speedy trial claim that is premised on an alleged violation of the Virginia Code and the Virginia Constitution does not state a cognizable claim for relief under § 2254.   Federal habeas corpus allows courts to address violations of federal constitutional rights. *Barbe v. McBride*, 521 F.3d 443 (4th Cir. 2008); *Spencer v. Murray*, 5 F.3d 758, 762 (4th Cir. 1993). Therefore, "[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," *Bates v. Lee*, 308 F.3d 411, 420 (4th Cir. 2002), *quoting Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991), and "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990).

The Court will, however, address Flood's claim that his Sixth Amendment right to a speedy trial has been violated. Under the Sixth Amendment, defendants accused of crimes have

11

"the right to a speedy and public trial," U.S. Const. amend VI, and this right extends to criminal trials in state court under the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213 (1967).   The Supreme Court has directed courts to apply a four-factor balancing test when evaluating speedy trial violation claims under the Sixth Amendment: 1) the length of the delay; 2) the reason for the delay; 3) whether the defendant timely asserted the right to a speedy trial; and 4) whether the defendant suffered prejudice as a result of the delay. *Barker v. Wingo*, 407 U.S. 514, 530–32 (1972). Under this test, a petitioner must show "that on balance, [the] four separate factors weigh in his favor." *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995).   Flood has failed to show that these factors weigh in his favor.

The first two factors address the length and reason for delay. *Barker,* 407 U.S. at 530–31. While it appears almost twenty months passed between Flood's arrest and trial, the record reflects Flood agreed to every continuance.   Flood's preliminary hearing was held on June 13, 2008. *Commonwealth v. Flood*, Nos. N2007018070, N2007018072 (Va. Gen'l Dist. Ct. June 13, 2008). On November 14, 2008, the defendant's motion for a continuance was granted. *Commonwealth v. Flood*, Nos. CR08001816, CR08001818 (Va. Cir. Ct. Nov. 14, 2008).   The record reflects four further continuances, one on a defense motion (Mar. 24, 2009), two on joint motions by the defense and the Commonwealth (Dec. 17, 2008 and June 10, 2009), and one on the Commonwealth's motion with no objection from the defense (Feb. 2, 2009).   *Commonwealth v. Flood*, Nos. CR08001816, CR08001818 (Va. Cir. Ct.).   Flood's trial occurred on August 24, 2009.   The continuances sought by, or agreed to by, Flood's counsel are attributable to Flood. *See Vermont v. Brillon*, 556 U.S. 81, 91 (2009) (holding when determining whether a speedy trial violation has occurred, delay caused by defendant's counsel is charged against the defendant).

12

The third factor, whether defendant timely asserted his right to a speedy trial, is the ultimate issue raised by Flood's ineffective assistance claim as his right to a speedy trial was first raised in Flood's habeas petition to the circuit court. *Flood v. Dir. of the Dept. of Corrections*, No. CR11H01493-00 (Va. Cir. Ct. Aug. 25, 2011); Pet'r's Mem. 18-21.   Finally, and most importantly, Flood has failed to explain how his case was prejudiced by any delay. *See Barker,* 407 U.S. at 534 (finding no prejudice although five years had elapsed between the defendant's arrest and trial).   The undersigned cannot find that any of the four *Barker* factors weigh in Flood's favor. *Barker*, 407 U.S. at 530-32.   Flood has failed to satisfy either the performance or prejudice prong of *Strickland* on this claim, and the undersigned recommends that Ground (D) be DENIED. *Strickland*, 466 U.S. at 694.

### 4.      Ground (F)(ii) – Flood Has Failed to Show Counsel was Ineffective for Failing to Object to the Introduction of Flood's Statement to Police

In Ground (F)(ii), Flood alleges that his counsel was ineffective in that he failed to object during trial to the prosecution's playing an audiotape of Flood's statement to police. Pet'r's Mem. 26-27.   The state court found that Flood failed to prove either the performance or the prejudice prongs under *Strickland*. *Flood v. Clarke, Dir., Va. Dept. of Corrections,* No. CR11H01493-00, slip op. at 12 (Va. Dec. 5, 2012).   The court noted that Flood proffered no facts to support his claim that his constitutional rights were violated, and conceded the police officer testified that he read Flood his *Miranda* admonishments prior to taking the statement. *Id.* at 12.

This Court finds the state court did not contravene or unreasonably apply the *Strickland* standard or unreasonably interpret the facts.   The record reflects that Flood's counsel objected to the recorded statement going to the jury room, either in the form of the audiotape or as a transcript of the audiotape, but did not object to the prosecutor playing the recorded statement into the

13

record. Trial Tr., Vol. I, at 247-49, 278-79.   Flood has made no argument that his statement was involuntary, that he requested counsel prior to the statement, or that he was not advised of his rights. *See Miranda v. Arizona*, 384 U.S. 436 (1966).   In fact, the record reflects that Flood was read his *Miranda* warnings twice, once before the audiotape recording was started and once afterwards. Trial Tr., Vol. I, at 255.   Therefore, Flood has failed to satisfy either the performance or prejudice prong of *Strickland* on this claim, and the undersigned recommends that Ground (F)(ii) be DENIED. *Strickland*, 466 U.S. at 694.

### 5. Ground (G) – Flood Has Failed to Show Counsel was Ineffective for Failing to Raise Certain Claims on Appeal

In Ground (G), Flood alleges that his trial counsel was ineffective for failing to raise certain claims on direct appeal. Pet'r's Mem. at 27-28.   Flood argues counsel should have raised the following "constitutional rights:" right to call alibi witnesses, right to call eye witnesses, right to call character witnesses, right to introduce his 911 call to the police, right to a speedy trial, and right to suppress the CD tape of his statement to police. *Id.*   The circuit court found that Flood failed to prove either the performance or the prejudice prongs under *Strickland*. *Flood v. Clarke, Dir., Va. Dept. of Corrections,* No. CR11H01493-00, slip op. at 12 (Va. Dec. 5, 2012).   The court noted that counsel's choice of which issues to raise on appeal is "virtually unassailable." *Id.* at 13. Further, the court found Flood failed to prove he was prejudiced, because the issues he wanted appellate counsel to raise were not raised at trial and could not be raised for the first time on appeal. *Id.*

The undersigned finds the state court did not contravene or unreasonably apply the *Strickland* standard or unreasonably interpret the facts.   *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (holding that to overcome the presumption that appellate counsel made an appropriate

strategic decision not to bring certain claims on appeal, a petitioner must demonstrate that the ignored issues were "'clearly stronger'" than those presented (*quoting Smith v. Robbins*, 528 U.S. 259, 288 (2000)).   Moreover, both the circuit court and this court have rejected the merits of the claims Flood alleges appellate counsel should have brought on direct appeal. *See Flood v. Clarke, Dir., Va. Dept. of Corrections,* No. CR11H01493-00, slip op. at 5-12 (Va. Dec. 5, 2012). Therefore, Flood has failed to satisfy either the performance or prejudice prong of *Strickland* on this claim, and the undersigned recommends that Ground (G) be DENIED. *Strickland*, 466 U.S. at 694.

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that the petition for a writ of habeas corpus (ECF No. 1) be DENIED and the Respondent's Motion to Dismiss (ECF No. 8) be GRANTED.

Grounds (C), (E), and (F)(i) should be DENIED because they were procedurally defaulted in state court and Flood has failed to show cause and prejudice excusing the default.

Grounds (A)(1), (A)(2), (A)(3), (A)(4), (B), (D), (F)(ii), and (G) should be DENIED because the state court's dismissal of Flood's ineffective assistance of counsel claims neither (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," nor (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28

U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. §636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).


_____/s/_____
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
November 12, 2013

16

<u>**CLERK'S MAILING CERTIFICATE**</u>

A copy of the foregoing Report and Recommendation was mailed this date to the

following:

Joseph Paul Flood, #1302026
Buckingham Correctional Center
P.O. Box 430
Dillwyn, VA 23936


Rosemary Bourne, Esq.
Office of the Attorney General
900 E. Main St.
Richmond, VA 23219


Fernando Galindo, Clerk

By _____
Deputy Clerk

November 13    , 2013